IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02667-RM-NYW

MARIE WATSON,

    Plaintiff,

v.

DELL TECHNOLOGIES INC., a/k/a DELL EMC, f/k/a DELL, INC and EMC CORPORATION,
DELL EMC,
METROPOLITAN LIFE INSURANCE COMPANY, and
AUTOMATIC DATA PROCESSING, INC.,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 65), which recommended as follows: (1) to grant in part and deny in part Defendant Metropolitan Life Insurance Company's ("MetLife") Amended Motion to Dismiss (ECF No. 9); (2) to grant in part and deny in part Defendant EMC Corporation's[1] ("EMC") Motion to Dismiss (ECF No. 44); and (3) to grant Defendant Automatic Data Processing, Inc.'s ("ADP") Motion to Dismiss (ECF No. 53). Ms. Watson filed an objection to parts of the Recommendation; all Defendants have filed responses. After reviewing the Recommendation, objection, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

---

[1] As used in this Order, "EMC Corporation" and "EMC" refer to Defendants Dell Technologies Inc. and Dell EMC. (*See* Recommendation, p. 1 n.1.)

I. BACKGROUND

Briefly, Plaintiff Marie Watson ("Plaintiff" or "Ms. Watson") alleges the following. Ms. Watson's husband, Thayne Watson ("Mr. Watson"), voluntarily separated from EMC effective December 31, 2015. Mr. Watson continued to receive benefits, including group life insurance benefits, under EMC's Benefit Plan ("Plan") through November 24, 2016. Mr. Watson had the option to extend the life insurance coverage beyond November 24, 2016 by converting it to an individual policy. Defendant MetLife issued a letter dated November 29, 2016 explaining how to convert the life insurance policy, but Mr. Watson allegedly never received it. (ECF No. 1, ¶¶ 23-24; ECF No. 9-3.) In addition, on November 29, 2016, Mr. Watson emailed EMC inquiring about how to pay for, i.e., continue, his benefits since his pay ended November 24, 2016. On November 30, 2016, Mr. Watson received an email stating that he should be receiving "a bill form adp … pay flex to continue paying for your benefits." Mr. Watson, however, never received a bill from ADP to continue paying for life insurance benefits. (ECF No. 1, ¶¶ 16-18.)

Mr. Watson obtained new employment in 2017 but declined to participate in his new employer's health or life insurance plans because he allegedly continued to participate in the Plan, with continued benefits. Mr. Watson passed away on September 18, 2017. Ms. Watson was the beneficiary of Mr. Watson's life insurance benefits under the Plan and demanded payment of benefits. After Defendants refused to pay, this lawsuit followed.

Ms. Watson's complaint alleges four claims: (1) violation of 29 U.S.C. § 1132(a)(1)(B) (Claim One); (2) violation of 29 U.S.C. § 1132(a)(3)(B) (breach of fiduciary duty) (Claim Two); (3) promissory estoppel (Claim Three); and (4) breach of contract (Claim Four). Defendants moved to dismiss.

2

In the Recommendation, the Magistrate Judge construed Ms. Watson's first claim under Section 1132(a)(1)(B) as, in effect, two claims. A claim based on Defendants' alleged failure to provide Mr. Watson written notice of the option to convert, which the Court will refer to as Claim One A. And a claim based on Defendants allegedly providing misleading information to Mr. Watson when he attempted to convert his life insurance, which the Court will refer to as Claim One B. (Claim One A and Claim One B, hereafter, collectively, "Claim One.") The Magistrate Judge construed Claim Two as alleging Defendants breached their fiduciary duty by supplying inaccurate information in Plan documents (hereafter, the "Plan contents") *and* by providing misleading communications and misrepresenting the Plan terms in response to Mr. Watson's November 29, 2016 email (hereafter, the "Plan misinformation"). Based on such constructions, as relevant here, the Magistrate Judge recommended the following:

1) Claim One A: that this claim be dismissed as to all Defendants because neither the Plan nor ERISA required notice to Mr. Watson of his option to convert;

2) Claim One B: that this claim be dismissed as to all Defendants because a claim under Section 1332(a)(1)(B) must be based on the terms of the Plan. Here, Ms. Watson's claim is based on the alleged improper response to Mr. Watson's November 29, 2016 email inquiry;

3) Claim One: alternatively, if the Court rejects the recommendation to dismiss Claim One B, that ADP be dismissed because Ms. Watson failed to adequately plead that ADP is a Plan fiduciary;

4) Claim Two: that this claim be dismissed in part and allowed in part as follows –

- Be dismissed against ADP entirely because Ms. Watson has not plausibly pled ADP is a Plan fiduciary;

- Be dismissed against MetLife based on the Plan content allegations because it is not the Plan administrator and, therefore, not responsible for the Plan contents, and it was not required to provide written notice of the option to convert;

- Be dismissed against EMC based on the Plan contents allegations because no notice of right to convert is required in the summary plan description;

- Be allowed to go forward against MetLife and EMC based on the Plan misinformation allegations but only insofar as Ms. Watson seeks equitable remedies; and

5) Claims Three and Four:

- Both claims be dismissed against all Defendants because they "relate to" an ERISA plan and, therefore, are expressly preempted by ERISA under 29 U.S.C. § 1144(a).

Ms. Watson's objection followed.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In

addition, it is well established that "'[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'" *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### III.    DISCUSSION

#### A. General – Ms. Watson's Objection

Ms. Watson's objection is divided into objections of "findings of facts" ("FOF") and "conclusions of law" ("COL"). The Court expresses no opinion as to the accuracy of Ms. Watson's designations but refers to them as she has labeled them. In addition, the Court groups the objections together where appropriate, e.g., grouping all objections concerning the recommendation that no written notice of the option to convert was required under ERISA or the Plan.[2]

---

[2] The Court also notes, in more than passing, that Ms. Watson's objection contains assertions which are contradicted by the record. For example, Ms. Watson asserts that, after the November 29, 2016 email, "Mr. Watson timely paid every bill he received from ADP." (ECF No. 66, p. 2.) The complaint, however, alleges that "Mr. Watson never received from ADP a bill to continue paying for the life insurance benefits." (ECF No. 1, ¶ 18.)

B.  Claim One A

Ms. Watson objects to the Recommendation's finding that (1) written notice of the option to convert was not required and (2) Ms. Watson did not argue the Plan's conversion procedure is ambiguous. As to the second finding, Ms. Watson asserts that – although she made no argument of ambiguity before the Magistrate Judge – disagreement over the interpretation of the language "means it is ambiguous." (FOF (3), ECF No. 66, p. 3. [3]) This argument is rejected. First, issues raised for the first time in an objection to the recommendation are waived. *ClearOne Commc'ns, Inc.*, 653 F.3d at 1185. Second, the Court agrees with Defendants: the fact that the parties disagree as to the meaning of an agreement does not establish ambiguity. *Harrison W. Corp. v. Gulf Oil Co.*, 662 F.2d 690, 695 (10th Cir. 1981). Therefore, this objection is overruled.

As to the second finding, Ms. Watson argues that written notice of the option to convert was required. (FOF (1), (2), and (4), and COL (2).) The Court is not persuaded. Upon de novo review, the Court finds the recommendation correctly found that no written notice was required under ERISA or the Plan, though written notice may be provided. And, further, "[i]n no event, will the Application Period exceed 91 days from the date Your life insurance ends." (ECF No. 9-2, p. 55.) These objections are also overruled.

C.  Claim One B

Ms. Watson objects to the Recommendation's finding that she cannot proceed on the theory that Mr. Watson did not receive the November 29, 2016 notice and attempted to convert his life insurance on November 29 but received misleading information. (COL (1).) Ms. Watson's objection, however, consists of cursory, general arguments that ERISA imposes

---

[3] The page references are to the page number(s) assigned to the document by the CM/ECF system, found in the upper righthand corner of the document.

fiduciary duties. As Defendants counter, Ms. Watson fails to set forth any arguments or legal authority as to why the Court should reject the recommendation's conclusion that a benefits claim under 28 U.S.C. § 1132(a)(1)(B) must be based on the terms of the Plan, and not on other documents or matters. Accordingly, this objection is overruled.

### D. Claim One[4]

Ms. Watson objects to the alternate recommendation to dismiss ADP entirely as to Claim One (COL (3)); the Recommendation found Ms. Watson failed to plead ADP as a proper defendant as to this claim. In light of the Court's agreement with the Recommendation that all Defendants are subject to dismissal as discussed above in Claims One A and One B, the Court need not reach this argument. If the Court were to do so, Ms. Watson's objection would be rejected.

Here, Ms. Watson asserts that "it is too early to know whether ADP is a fiduciary," but nonetheless argues (untethered by any support) that it is somehow plausible EMC "imbued" ADP with fiduciary responsibilities. (ECF No. 66, pp. 4-5.) Ms. Watson's objection bolsters – rather than undermines – the recommendation. Therefore, this objection is also overruled.

### E. Claim Two

Ms. Watson raises two objections concerning Claim Two. As Defendants recognize, Ms. Watson's first objection (COL (4)) is far from a model of clarity: she quotes from the Recommendation addressing *EMC* but closes with objecting to the recommended dismissal of *MetLife*. Regardless, the Court will construe the objection to be directed against MetLife and EMC as to allegations of breach of fiduciary duty based on any omission of the conversion

---

[4] As stated, Claim One includes Claims One A and One B.

procedure from the Plan's summary description, i.e., the Plan contents. Ms. Watson's objection hinges on finding that the Plan requires written notice of the option to convert. But, as stated above, the Plan contains no such requirement. Thus, this objection is overruled.

Next, Ms. Watson objects to the Recommendation's statement that, under *Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401, 405 (10th Cir. 2004), "to the extent a plaintiff 'seeks payment of the policy proceeds, such relief is barred under § [1132](a)(3).'" Ms. Watson argues that, under *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), money damages are available. (COL (5).) First, the Recommendation accurately stated what the Tenth Circuit found in *Callery*. Next, the Court agrees – and the Magistrate Judge recognized – that the Supreme Court in *CIGNA* noted a surcharge could take "the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." 563 U.S. at 441-42. And, as Defendants argue, the Recommendation left open the issue of the exact nature of Ms. Watson's claim and what relief might be available. Further, the Court does not read the Recommendation to find that equitable relief cannot be in the form of monetary relief. As the Tenth Circuit stated post-*CIGNA*, "'[t]he fact that ... relief takes the form of a money payment does not remove it from the category of traditionally equitable relief.'" *Teets v. Great-W. Life & Annuity Ins. Co.*, 921 F.3d 1200, 1224 (10th Cir. 2019) (ellipsis in original) (quoting *CIGNA*, 563 U.S. at 441). What equitable relief may be available – and whether Ms. Watson may recover such relief – are questions which remain open for resolution at another time. Accordingly, this objection is overruled.

F.  **Matters to Which There Are No Objections**

There are matters to which there are no objections or, effectively, no objections.

*Claim One*: To the extent the Magistrate Judge made other recommendations as to Claim One, e.g., that dismissal of Dell Technologies Inc. and Dell EMC is not proper based on the argument that they are not Plan fiduciaries, which this Order does not address, the Court finds such recommendations are moot in light of its agreement that Claim One should be dismissed against all Defendants based on other findings as discussed above.

*Claim Two*: Ms. Watson does not object to the recommended dismissal of ADP entirely as to this claim. In addition, Defendants do not object to the recommended denial of this claim as against MetLife and EMC based on the Plan misinformation allegations[5] and only insofar as Ms. Watson seeks equitable remedies. The Court finds no clear error and, accordingly, accepts this recommendation.[6]

*Claims Three and Four*: On the last page of Ms. Watson's objection, she states that "based on the erroneous factual findings and conclusions of law discussed above, Plaintiff objects to the Recommendation to the extent it: … (4) dismisses claims 3 and 4." But Ms. Watson fails to identify or discuss how any of her previous arguments support a rejection of the recommended dismissal of Claims Three and Four. Such as cursory argument fails to be sufficiently specific and waives any challenge to this recommendation. *See, e.g., United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider…issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation and citation omitted)); *see also Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir.

---

[5] In other words, based on their alleged breach of fiduciary duties in responding to Mr. Watson's November 29, 2016 email.

[6] The Court has already rejected Ms. Watson's objection concerning equitable remedies (COL (5)).

2018) (same). And, upon a clear error review, the Court finds no error; therefore, the recommendation to dismiss Claims Three and Four is accepted.

### G. Other Matters

In addition to the issues discussed above, the Recommendation addressed two other matters which the Court finds need to be resolved. First, the Recommendation directed the case caption be amended to reflect ADP, LLC as the appropriate defendant in this case, rather than Automatic Data Processing, Inc. (ECF No. 65, p. 1 n.1.) No party argues this modification is not appropriate. Accordingly, the Court orders the same. Next, there is an issue in this case concerning Defendant EMC Corporation and whether it encompasses all of the "Dells" identified in the caption. (*Id*.) The relevant parties are directed to resolve this issue out and to provide a status report as to whether any amendment is required to identify the proper defendant(s).

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

(1) That the Clerk shall amend the caption to change the name of Automatic Data Processing, Inc. to ADP, LLC;

(2) That Plaintiff's objection (ECF No. 66) is OVERRULED;

(3) That the Recommendation (ECF No. 65) is ACCEPTED and ADOPTED as an Order of this Court as stated herein;

(4) That Defendant Metropolitan Life Insurance Company's Amended Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED IN PART as stated herein;

(5) That Defendant EMC Corporation's Motion to Dismiss (ECF No. 44) is GRANTED IN PART and DENIED IN PART as stated herein;

(6) That Defendant Automatic Data Processing, Inc.'s Motion to Dismiss (ECF No. 53) is GRANTED;

(7) That the following party and claims are hereby dismissed with prejudice:

    (a) Defendant Automatic Data Processing, Inc., more properly known as ADP, LLC;

    (b) Claim One in its entirety against all Defendants;

    (c) Claim Two to the extent it alleges MetLife and EMC breached their fiduciary duties by failing to include the conversion procedures in the Plan's summary plan description or by failing to provide written notice of the option to convert; and

    (d) Claims Three and Four in their entirety against all Defendants;

(8) That only the following claim remains: Claim Two based on Plaintiff's theory that EMC and MetLife breached their fiduciary duties in responding to the November 29, 2016 email and only insofar as she seeks equitable remedies; and

(9) That Plaintiff and the Dell Defendants shall confer and, within 60 days of the date of this Order, provide a status report concerning the proper Dell Defendants.

DATED this 16th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

11