**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02667-RM-NYW

MARIE WATSON,

Plaintiff,

vs.

DELL TECHNOLOGIES INC., a/k/a DELL EMC, f/k/a DELL, INC. and EMC CORORATION, DELL EMC, METROPOLITAN LIFE INSURANCE COMPANY, and ADP, LLC,

Defendants.

**METLIFE'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Civ. Practice Standard IV.N.(3), defendant Metropolitan Life Insurance Company ("MetLife") moves for summary judgment on the remaining claim of plaintiff Marie Watson ("Watson") against it. Pursuant to Civ. Practice Standard IV.C.(2), MetLife has filed a separate Moving Party's Statement of Undisputed Material Facts ("MSUMF").

**I.   INTRODUCTION.**

Thayne Watson ("Decedent") entered into a Separation Agreement and Release ("Separation Agreement") with his employer, defendant EMC Corporation ("EMC"). The Separation Agreement provided for the continuation of the Decedent's group life insurance benefits under the Basic Life Insurance, Supplemental Life Insurance, and Dependent Life Insurance Plan ("Plan") of EMC until the end of his pay continuance period on November 24, 2016. MSUMF, No. 21. When the Decedent's pay continuance period ended, MetLife sent a notice to the Decedent regarding his ability to convert the group life coverage to individual

coverage.  MSUMF Nos. 1-2.  The Decedent did not convert the group life coverage to an individual policy.  MSUMF No. 3.

On September 18, 2017, the Decedent died.  MSUMF No. 10.  Watson submitted a claim for life insurance benefits under the Plan.  MSUMF No. 11.  MetLife denied Watson's claim for life benefits.  MSUMF No. 12.  Watson's counsel appealed the decision, and MetLife upheld the claim denial.  MSUMF Nos. 13-14.

Watson filed suit against MetLife under two sections of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).  MetLife moved to dismiss the claims.  The Court dismissed with prejudice all of Watson's claims against MetLife except for Watson's claim under 29 U.S.C. § 1132(a)(3) to the limited extent it was "based on [Watson's] theory that EMC and MetLife breached their fiduciary duties in responding to the November 29, 2016 email and only insofar as she seeks equitable remedies."  ECF No. 81 at 11; *see also* ECF No. 65 at 29.

The remaining claim against MetLife depends entirely on the response to the Decedent's email of November 29, 2016.  The undisputed facts establish that MetLife cannot be liable under the remaining claim as a matter of law.  MetLife neither received the Decedent's November 29, 2016 email nor played any part in EMC's response on November 30, 2016 to the Decedent's email.  MSUMF Nos. 4-9.  MetLife did not become aware of the email exchange between Decedent and EMC of November 29-30, 2016 until more than two years later when Watson's counsel attached copies of the emails of November 29-30, 2016 between the Decedent and EMC as an exhibit to an appeal letter dated March 6, 2019.  MSUMF Nos. 13-15.  MetLife played absolutely no role in the response to the Decedent's November 29, 2016 email, and, therefore, cannot be liable for any breach of fiduciary duty relating to the response to the Decedent's

November 29, 2016 email.  The Court should enter summary judgment in favor of MetLife on the remaining claim against it under 29 U.S.C. § 1132(a)(3).

**II.     ARGUMENT.**

    **A.     The Summary Judgment Standard.**

The Court will grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 417 U.S. 317, 322 (1986); *Goodman v. Asset Acceptance, LLC*, 428 F. Supp.3d 526, 529 (D. Colo. 2019).  MetLife as the moving party bears the burden initially to show that no material dispute exists about the remaining claim under 29 U.S.C. § 1132(a)(3) and that it is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autolly ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Goodman*, 428 F. Supp.3d at 529.  In the following sections of this motion and the MSUMF, MetLife will show that it is entitled to summary judgment, and Watson then will bear the burden to show the existence of a genuine dispute of material fact regarding the remaining claim under 29 U.S.C. § 1132(a)(3).  *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013); *Goodman*, 428 F. Supp.3d at 529.  Watson must provide evidence that is "more than mere speculation, conjecture, or surmise to defeat [MetLife's] motion for summary judgment."  *Southway v. Central Bank of Nigeria*, 149 F. Supp.2d 1268, 1274 (D. Colo. 2001) (internal quotation marks omitted); *see also Goodman*, 428 F. Supp.3d at 529.  The Court will consider the evidence in a light most favorable to Watson.  *Cillo v. Greenwood Village*, 739 F.3d 451, 416 (10th Cir. 2013); *Goodman*, 428 F. Supp.3d at 529.  Nevertheless, Watson will not be able to meet her burden to overcome MetLife's showing, and, therefore, the Court should enter

summary judgment dismissing the remaining claim under 29 U.S.C. § 1132(a)(3) against MetLife.

### B. The Only Remaining Claim Against MetLife Focuses Narrowly on the Response to the Decedent's Email of November 29, 2016.

The Court already has fully considered the facts and the issues of this case. *See generally* ECF No. 65 (Recommendation of United States District Judge); ECF No. 81 (Order Overruling Watson's Objections and Adopting the Recommendation of the Magistrate Judge). The Court need not revisit its previous findings and analysis to decide this summary judgment motion on the remaining claim under 29 U.S.C. § 1132(a)(3) against MetLife. Consequently, MetLife will address only issues of the very narrow remaining claim.

The Magistrate Judge considered the allegations of misinformation in the response to the Decedent's email of November 29, 2016. ECF No. 65 at 19. The Magistrate Judge summarized Watson's position as being that "when [the Decedent] contacted EMC on November 29, 2016, EMC did not direct him to the Plan or summary plan description; nor did it direct him to consult with MetLife" and that "EMC incorrectly informed him that all he needed to do was pay the bill he received from ADP." *Id*. The Magistrate Judge found that Watson had adequately alleged that the Decedent "sought information regarding the conversion of his life insurance benefits yet received misleading information, leading to his failure to convert his group life insurance to an individual policy." ECF No. 65 at 23. The Magistrate Judge did not decide "the issue of whether MetLife is an appropriate defendant to the remaining theory under Claim 2 in the absence of allegations that it participated in the communication at issue, because such an argument was not raised or briefed by MetLife or Plaintiff." ECF No. 65 at 24. The Magistrate Judge did not dismiss the 29 U.S.C. § 1132(a)(3) against EMC and MetLife "on Ms. Watson's

theory that EMC and MetLife breached their fiduciary duties in responding to the November 29, 2016 email and only insofar as she seeks equitable remedies." ECF No. 65 at 25.

The Court then reviewed the Magistrate Judge's Recommendation and Watson's objections to the Recommendation. The Court adopted the Magistrate Judge's Recommendation, and ruled that "only the following claim remains: Claim Two based on Plaintiff's theory that EMC and MetLife breached their fiduciary duties in responding to the November 29, 2016 email and only insofar as she seeks equitable remedies." ECF No. 81 at 11.

    **B.    MetLife Neither Received the Decedent's Email of November 29, 2016 Nor Participated in the Response to the Decedent's Email of November 29, 2016, and, Therefore, MetLife Cannot Be Liable as a Matter of Law on the Remaining Claim.**

The only remaining claim against MetLife is whether MetLife "breached [its] fiduciary duties in responding to the November 29, 2016 email." ECF No. 81 at 11. The facts regarding the November 29, 2016 email are very straightforward.

On November 29, 2016, the Decedent sent an email to benefits@emc.com with a copy to FrancineLewisantwi@dell.com. MSUMF 4. The Decedent did not send a copy of his November 29, 2016 email to MetLife. MSUMF 5. In his email of November 29, 2016 to defendants EMC Corporation ("EMC") and Dell Technologies, Inc. ("Dell"), the Decedent stated:

> I took VSP on 12-31-2016. My pay ended on 11-24-2016. How do I start paying for my benefits at the employee rate for the next year?"

MSUMF 6.

On November 30, 2016, benefits@emc.com responded by email to the Decedent's November 29, 2016 email with a copy to FrancineLewisantwi@dell.com. MSUMF 7. EMC did not send a copy of its November 30, 2016 email to MetLife. MSUMF 8. In its email of November 30, 2016, EMC informed the Decedent that:

> You will be receiving a bill form [sic] adp flex to continue paying for your benefits. Benefits remain active during the transition.

MSUMF 9.

The emails of November 29-30, 2016 incontrovertibly show that MetLife was not involved in the response to the Decedent's email.[1]  Since MetLife neither received the Decedent's email on November 29, 2016 nor participated in the November 30, 2016 email responding to the Decedent, MetLife could not breach any fiduciary duty in response to the November 29, 2016 email.  Therefore, the Court should enter summary judgment in favor of MetLife on the remaining claim under 29 U.S.C. § 1132(a)(3).

**III.   CONCLUSION.**

The only remaining claim against MetLife is whether MetLife breached its fiduciary duties in responding to the Decedent's email of November 29, 2016.  MetLife neither received the Decedent's email on November 29, 2016 nor participated in the November 30, 2016 email responding to the Decedent, and, therefore, MetLife could not breach any fiduciary duty relating to the response to the November 29, 2016 email.  The Court should enter summary judgment in favor of MetLife on the remaining claim under 29 U.S.C. § 1132(a)(3).

---

[1] MetLife did not have any knowledge of the exchange of emails by the Decedent and EMC on November 29-30. 2016 until its receipt of the appeal letter dated March 6, 2019 of Watson's counsel, long after the email communications in 2016.  MSUMF Nos. 13-15.  MetLife then appropriately followed up with Dell about the November 29, 30, 2016 emails and responded to Watson's counsel.  MSUMF Nos. 15-21.

DATED this 24th day of December 2020.

                                                         Respectfully submitted,

                                                         *s/Jack M. Englert, Jr.*
                                                         Jack M. Englert, Jr.
                                                         HOLLAND & HART LLP
                                                         555 Seventeenth Street, Suite 3200
                                                         Denver, CO 80202
                                                         jenglert@hollandhart.com
                                                         303-290-1087

                                                         **ATTORNEYS FOR DEFENDANT**
                                                         **METROPOLITAN LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

R. Garth Ferrell, Esq.
THE LAW OFFICE OF R. GARTH FERRELL, P.C.
4610 S. Ulster St., Ste 150
Denver, CO 80237
gferrell@gferrell-law.com

Timothy M. Garvey
Shawn E. McDermott
MCDERMOTT LAW, LLC
4600 South Ulster Street, Suite 800
Denver, CO 80237
tim@mcdermottlaw.net
shawn@mcdermottlaw.net

*Attorneys for Plaintiff Marie Watson*

Michael Bernstein
ROBINSON + COLE
Chrysler East Building
666 Third Ave. 20th Fl.
New York, NY 10017
mbernstein@rc.com

*Attorneys for Defendants Dell Technologies, Dell EMC, EMC Corp. & ADP*

            *s/ Tammy L. Devlin*
            Tammy L. Devlin

15834121_v1